THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. GOMEZ, Appellant. [832 NYS2d 369]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered November 16, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, attempted assault in the second degree, assault in the second degree, criminal possession of a weapon in the third degree, criminal mischief in the fourth degree, petit larceny and tampering with physical evidence.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon a jury verdict of, inter alia, attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]) and assault in the second degree (§ 120.05 [2]). Defendant contends that he received ineffective assistance of counsel because his first assigned counsel did not inform the People that defendant wanted to testify before the grand jury. We reject that contention (*see People v Wiggins*, 89 NY2d 872, 873 [1996]; *People v Dixon*, 19 AD3d 131, 131-132 [2005], *lv denied* 5 NY3d 805 [2005]; *People v Gibson*, 2 AD3d 969, 973 [2003], *lv denied* 1 NY3d 627 [2004]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We reject the further contention of defendant that County Court erred in allowing the People to introduce evidence of his prior drug dealing activity. That evidence was relevant with respect to the issue of defendant's motive for the assault, and the probative value of that evidence outweighed its prejudicial effect (*see People v Till*, 87 NY2d 835, 836-837 [1995]; *People v Smith*, 12 AD3d 1106 [2004], *lv denied* 4 NY3d 767 [2005]). We also reject defendant's contention that the persistent felony offender statutes are unconstitutional (*see People v Rivera*, 5 NY3d 61, 63 [2005], *cert denied* 546 US 984 [2005]; *People v Rosen*, 96 NY2d 329, 334-335 [2001], *cert denied* 534 US 899 [2001]), and we conclude that the court properly adjudicated defendant a persistent felony offender. The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Centra, Lunn, Peradotto and Pine, JJ.