■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. ROMAN, Appellant. (Appeal No. 1.) [875 NYS2d 703]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 3, 2003. The judgment convicted defendant, upon a jury verdict, of attempted burglary in the third degree, possession of burglar's tools and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted burglary in the third degree (Penal Law §§ 110.00, 140.20) and, in appeal No. 2, defendant appeals from a judgment convicting him upon the same jury verdict of burglary in the third degree (§ 140.20) and criminal mischief in the fourth degree (§ 145.00 [1]). Defendant was indicted separately on charges arising from burglaries at a liquor store and a convenience store, and the indictments were consolidated for trial. Defendant contends in each appeal that Supreme Court erred in precluding him from testifying with respect to an out-of-court statement made by one of the victims on the ground that the hearsay statement falls under the exception to the hearsay rule as a statement against penal interest. We reject that contention. Defendant failed to establish that the victim was unavailable to testify at trial and that there were "supporting circumstances independent of the statement itself . . . to attest to its trustworthiness and reliability" (*People v Settles*, 46 NY2d 154, 167 [1978]; *see People v Ross*, 43 AD3d 567, 570 [2007], *lv denied* 9 NY3d 964 [2007]). Defendant failed to preserve for our review his further contention that the court's ruling with respect to the victim's statement deprived him of his right to testify and present a defense (*see generally People v Angelo*, 88 NY2d 217, 222 [1996]) and, in any event, that contention lacks merit. We cannot conclude on the record before us that the court denied defendant " 'a meaningful opportunity to present a complete defense' " (*Crane v Kentucky*, 476 US 683, 690 [1986], quoting *California v Trombetta*, 467 US 479, 485 [1984]).

We also reject defendant's contention that defense counsel's failure to call the victim in question as a witness constitutes ineffective assistance of counsel. Although a single error may

constitute ineffective assistance (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Lott*, 55 AD3d 1274, 1275 [2008], *lv denied* 11 NY3d 898 [2008]), here defendant failed to establish that there was no legitimate or strategic reason for defense counsel's alleged error (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to defendant's further contention, the court did not abuse its discretion in consolidating the indictments. Although defendant made " 'a convincing showing that he ha[d] . . . important testimony to give concerning one [indictment],' " he failed to establish that he had a " 'strong need to refrain from testifying on the other' " (*People v Lane*, 56 NY2d 1, 8 [1982]; *see People v Colon*, 32 AD3d 791 [2006], *lv denied* 7 NY3d 924 [2006]; *People v Watson*, 281 AD2d 691, 693 [2001], *lv denied* 96 NY2d 925 [2001]). We reject the contention of defendant that the court erred in permitting the arresting officer to testify that defendant fled when the officer approached him. "The limited probative force of flight evidence . . . is no reason for its exclusion" (*People v Yazum*, 13 NY2d 302, 304 [1963], *rearg denied* 15 NY2d 679 [1964]; *see People v Burke*, 20 AD3d 932, 933 [2005], *lv denied* 5 NY3d 826 [2005]), even where, as here, the defendant is not arrested close in time to the commission of the crimes (*see People v Waterman*, 39 AD3d 1259 [2007], *lv denied* 9 NY3d 927 [2007]).

Defendant failed to preserve for our review his contention that the persistent violent felony offender statutes are unconstitutional (*see* CPL 470.05 [2]) and, in any event, that contention is without merit (*see generally People v Quinones*, 12 NY3d 116 [2009]; *People v Rivera*, 5 NY3d 61, 66-70 [2005], *cert denied* 546 US 984 [2005]; *People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Gomez*, 38 AD3d 1271, 1272 [2007]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Green and Pine, JJ.