OPINION OF THE COURT
Graffeo, J.
In these cases, we must decide whether a mode of proceedings error occurs under People v O’Rama (78 NY2d 270 [1991]) and its progeny when a court accepts a verdict without affirmatively acknowledging or responding to a jury’s substantive request for information during deliberations.
I

People v Julian Silva

Defendant Julian Silva was charged with weapon possession and various drug offenses, including criminal sale of a controlled substance in the first degree. During the morning of the second day of deliberations, the jury sent a note asking for “the wire transcript mentioning the gun” and the “judges [sic] instructions on count #3 - weapon possession.” The note was marked as court exhibit 2, but nothing in the record affirmatively demonstrates that the court informed the parties about the jury’s inquiry. About one hour later, the jury sent another note, marked as court exhibit 3, stating that a verdict had been reached. The jurors were brought to the courtroom, the verdict was announced and defendant was found guilty of first-degree drug sale, attempted third-degree weapon possession and other offenses.
On appeal to the Appellate Division, defendant claimed that the court’s handling of the note marked as court exhibit 2 constituted a mode of proceedings error under O’Rama. Because it was “impossible to determine if the note was presented to the judge or if the jury reached a verdict without the judge being *298 aware they had submitted the note,” the Appellate Division rejected defendant’s assertion and affirmed (99 AD3d 522, 523 [1st Dept 2012]). A Judge of this Court granted defendant leave to appeal (21 NY3d 1020 [2013]).

People v Pamela Hanson

Defendant Pamela Hanson was charged with murdering an acquaintance. The jury sent a series of notes to the court during deliberations, and the second note, issued at 1:05 p.m., was marked as court exhibit 4 and requested “First Det. Statement.” The third note, sent at 1:21 p.m. and marked as court exhibit 5, read: “To clear up the first note, we would like to hear Det. Moss [sic] direct examination.” The jury’s fourth and final note, bearing the time 2:12 p.m. and marked court exhibit 6, informed the court that the jury had arrived at a verdict. The transcript does not show that the court was aware of the second or third jury note, or that the notes were shared with the parties before the jury convicted defendant of second-degree murder and fourth-degree grand larceny.
The Appellate Division affirmed (100 AD3d 771 [2d Dept 2012]) and a Judge of this Court granted defendant leave to appeal (21 NY3d 1016 [2013]).
II
Defendants assert that the trial courts committed mode of proceedings errors under the O’Rama rule by accepting the verdicts without acknowledging or responding to jury notes that requested specific information for use in jury deliberations. The People submit that the presumption of regularity permits an inference that the trial courts informed defense counsel about the contents of the jury notes and that O’Rama does not obligate a trial court to make a record documenting that action. In defendant Hanson’s case, the People alternatively ask us to overrule our precedent that establishes an O’Rama violation as a mode of proceedings error.
CPL 310.30 is the primary statutory authority governing the handling of requests for information from a deliberating jury. It requires trial courts to give “notice to both the people and counsel for the defendant” before responding to a note from a deliberating jury (CPL 310.30; see e.g. People v Alcide, 21 NY3d 687, 691-692 [2013]). In O’Rama (78 NY2d 270 [1991]), we carefully explained that a court’s “core responsibility under the statute is both to give meaningful notice to counsel of the *299 specific content of the jurors’ request — in order to ensure counsel’s opportunity to frame intelligent suggestions for the fairest and least prejudicial response — and to provide a meaningful response to the jury” (People v Kisoon, 8 NY3d 129, 134 [2007], citing People v O’Rama, 78 NY2d at 277). In furtherance of these requirements, a court must read a jury note “verbatim” so that the parties have “the opportunity to accurately analyze the jury’s deliberations and frame intelligent suggestions for the court’s response” (Kisoon, 8 NY3d at 135).
We outlined in O’Rama the step-by-step procedure that should be followed when a deliberating jury requests information (see 78 NY2d at 277-278). First, a note should be marked as a court exhibit and read into the record in the presence of the attorneys before the jury is returned to the courtroom. Second, the judge should then allow counsel to comment and recommend responses to the jury’s inquiry. Third, the judge should articulate the substance of its proposed response and allow the attorneys to offer modifications before the jury returns to the courtroom. And, fourth, the judge should read the note to the jury to correct any inaccuracies before providing “such requested information or instruction as the court deems proper” (CPL 310.30).
As a general rule, errors in criminal cases are reviewahle on appeal only if they are adequately preserved by the appellant (see CPL 470.05 [2]). A “ Very narrow’ exception” to the preservation rule exists for a “limited class” of so-called “mode of proceedings” errors that “ £go to the essential validity of the process and are so fundamental that the entire trial is irreparably tainted’ ” (People v Rivera, 23 NY3d 827, 831 [2014], quoting People v Kelly, 5 NY3d 116, 119-120 [2005]). A trial court’s failure to fulfill the “core responsibility” under O’Rama is treated as a mode of proceedings error (see People v Kisoon, 8 NY3d at 135). O’Rama, however, was not designed “to mandate adherence to a rigid set of procedures, but rather to delineate a set of guidelines calculated to maximize participation by counsel at a time when counsel’s input is most meaningful” (People v Alcide, 21 NY3d at 692).
Although not every violation of CPL 310.30 is immune from normal preservation principles (see e.g. People v Mays, 20 NY3d 969, 971 [2012]; People v Ippolito, 20 NY3d 615, 625 [2013]; People v Williams, 21 NY3d 932, 934-935 [2013]; People v Kadarko, 14 NY3d 426, 429-430 [2010]), a failure to apprise counsel about the specific contents of a substantive note from a deliberating jury violates the fundamental tenets of CPL 310.30 *300 and qualifies as a mode of proceedings error (see e.g. People v Kisoon, 8 NY3d at 135). The record therefore must indicate compliance with adequate procedures under O’Rama because reviewing courts “cannot assume” that the proper procedure was utilized when the record is devoid of information as to how jury notes were handled (see People v Walston, 23 NY3d 986, 990 [2014]). The “presumption of regularity” (see e.g. People v Velasquez, 1 NY3d 44, 48 [2003]) cannot salvage an O’Rama error of this nature (see People v Tabb, 13 NY3d 852, 852 [2009]) and this is not the first time — contrary to our dissenting colleague’s belief — that a judge’s apparent unawareness of a jury note or unresponsiveness has led to a new trial (see People v Cruz, 14 NY3d 814, 816 [2010]).[1] And, somewhat ironically, the dissent recognizes that the errors in these appeals were so fundamental that they are exempt from the preservation rule (see dissenting op at 302).
The People urge us to disavow our holding in Walston (23 NY3d 986 [2014]) that imposes an affirmative obligation on a trial court to create a record of compliance under CPL 310.30 and O’Rama. We recently discussed the principles underlying the doctrine of stare decisis (see People v Peque, 22 NY3d 168, 194 [2013], cert denied sub nom. Thomas v New York, 574 US —, 135 S Ct 90 [2014]) and it is sufficient for us to reiterate that a “compelling justification” is required to cast aside precedent (id.; see People v Lopez, 16 NY3d 375, 384 n 5 [2011]).
Such a circumstance is absent in these appeals. Walston (23 NY3d 986 [2014]) broke no new ground — it built upon prior law (see People v Tabb, 13 NY3d at 852) and advanced the two requirements that we identified over 20 years ago in O’Rama: that parties must be given meaningful notice of a jury’s request for substantive information; and that deliberating jurors must receive a meaningful response to their inquiry (see People v O’Rama, 78 NY2d at 277; see also People v Kisoon, 8 NY3d at 134). These mandates were not satisfied in the two cases now before us since the substantive jury notes, marked as court exhibits, were neither revealed to the attorneys nor addressed by the courts. Those deficiencies could have been easily avoided by making a record of compliance with the O’Rama guidelines. If there was uncertainty regarding the number of notes that *301 had been forwarded during deliberations, the best practice would have been for the judge to inquire before the verdict was announced. Since that did not occur in these cases, defendants are entitled to new trials.[2]
Accordingly, in People v Silva, the order of the Appellate Division should be modified by vacating the conviction of attempted criminal possession of a weapon in the third degree, with leave to the People to present a charge of that offense to a new grand jury and, as so modified, affirmed. In People v Hanson, the order of the Appellate Division should be reversed and a new trial ordered.

. Nor are we persuaded by the dissent’s reliance on pve-O’Rama cases that imposed a “serious prejudice” requirement (see People v Agosto, 73 NY2d 963, 966 [1989]; People v Lourido, 70 NY2d 428, 435 [1987]).

. Defendant Silva’s drug-related convictions may be upheld because the information requested by the jury was restricted to attempted weapon possession (see People v Walston, 23 NY3d at 990) and no reversible error occurred during the People’s summation. Since the indictment did not include a count of attempted weapon possession, however, the People may retry Silva for that offense only if a grand jury charges him with that crime (see People v Mayo, 48 NY2d 245, 253 [1979]).