# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**230**
**KA 12-00111**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ROBERT GARROW, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 2, 2011.  The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, rape in the first degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one through four of the superseding indictment.

Memorandum:  Defendant appeals from a judgment convicting him, following a jury trial, of predatory sexual assault against a child (Penal Law § 130.96), two counts of rape in the first degree (§ 130.35 [3], [4]) and one count of endangering the welfare of a child (§ 260.10 [1]).  We agree with defendant that County Court committed reversible error by violating the core requirements of CPL 310.30 in failing to advise counsel on the record of the contents of a substantive jury note before accepting a verdict (*see People v Silva*, 24 NY3d 294, 299-300; *People v O'Rama*, 78 NY2d 270, 277-278). Defendant's contention does not require preservation inasmuch as it involves a mode of proceedings error (*see Silva*, 24 NY3d at 299-300; *People v Walston*, 23 NY3d 986, 989).  We therefore reverse the judgment and grant a new trial on counts one through four of the superseding indictment.

We reject defendant's further contention that the court erred in permitting the four-year-old victim's mother to testify with respect to the substance of the victim's disclosure under the prompt outcry exception to the hearsay rule (*see People v McDaniel*, 81 NY2d 10, 16-17).  The testimony revealed the complaint, i.e., that defendant hurt the victim's vagina with his penis, without "its accompanying details" (*id.* at 17; *see People v Stalter*, 77 AD3d 776, 777, *lv denied* 15 NY3d

956).

Defendant failed to preserve for our review his contention that the court's refusal to permit evidence regarding the victim's disclosure of sexual abuse by another individual to her mother, defendant and a police witness, violated his constitutional rights to present a defense and to cross-examine witnesses (*see People v Simmons*, 106 AD3d 1115, 1116, *lv denied* 22 NY3d 1043), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Inasmuch as we are granting a new trial, however, we note that, to the extent that the court determined that evidence of a prior victimization was not admissible because it is prohibited by CPL 60.42, i.e., the rape shield law, we conclude that the court failed to exercise its discretion to determine whether, under the circumstances presented here, the evidence may "be relevant and admissible in the interests of justice" (CPL 60.42 [5]*; cf. People v Halter*, 19 NY3d 1046, 1049-1050; *see generally People v Williams*, 81 NY2d 303, 311-314).

Defendant also failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during cross-examination and summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We nevertheless note our strong disapproval of the prosecutor's tactics during summation in appealing to the sympathy of the jury by stating, inter alia, that it should "tell [the victim] that her suffering has not been in vain, to tell her that justice is coming"; in denigrating both the defense strategy and the defense attorney personally; and in mischaracterizing the DNA evidence, stating that it "matched [defendant]."

In light of our determination to reverse the judgment and grant a new trial, we need not address defendant's remaining contentions.

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court