[41 NE3d 785, 19 NYS3d 821]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MENDEZ, Appellant.

Decided October 27, 2015

### APPEARANCES OF COUNSEL

*Fitzpatrick, Cella, Harper & Scinto*, New York City (*C. Austin Ginnings* of counsel), and *Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Margaret E. Knight* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Jared Wolkowitz* and *Grace Vee* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and the indictment dismissed, with leave to the People, if they be

so advised, to resubmit the charge of assault in the second degree to a new grand jury.

Defendant was charged with assault for his conduct during a street brawl in January 2011. During the ensuing jury trial, the People introduced into evidence several recordings of telephone calls that defendant made while he was in jail awaiting trial. Inasmuch as defendant and the other participants in the calls sometimes spoke in Spanish, the People prepared transcripts of the phone calls that included Spanish-to-English translations. The transcripts themselves were not admitted into evidence but were used as an aid to the jurors while they listened to the recordings. The court told the jurors twice during the course of the trial that the transcripts were not in evidence, but that if they wanted to see the transcripts during deliberations, they should ask to do so, and the court would then bring the jury in the courtroom and distribute the transcripts while the recordings were played back to the jury.

During deliberations, the jurors sent, among other notes, two notes requesting to see the transcripts they were given while they were listening to the tape recordings. The record does not indicate that the trial court informed counsel of these notes or responded to the jury in any way before the jury ultimately found defendant guilty of assault in the second degree.

For reasons stated in *People v Silva* (24 NY3d 294 [2014], *rearg denied* 24 NY3d 1216 [2015]), the Appellate Division erred in holding that reversal was not required. Contrary to the Appellate Division's determination, the jury's request to see the transcripts did not merely require "the ministerial actions of informing the jury that none of the items they requested were in evidence" (*People v Mendez*, 116 AD3d 513, 513 [1st Dept 2014]). Inasmuch as a significant portion of defendant's conversations were conducted in Spanish, the jury could not be expected to understand the recordings without the aid of the transcripts (*cf. People v Miller*, 8 AD3d 176, 177 [1st Dept 2004], *affd as mod* 6 NY3d 295 [2006]). Moreover, the trial court expressly invited the jurors to ask for the transcripts during deliberations and told them the procedure by which they could see the transcripts, which involved reassembling the jury in the courtroom. Thus, the jury's requests for the transcripts required a substantive response, and reversal is required because these "substantive jury notes, marked as court exhibits, were neither revealed to the attorneys nor addressed by the court[ ]" (*Silva*, 24 NY3d at 300).

In light of our holding, we do not reach defendant's remaining contention.

Chief Judge LIPPMAN and Judges PIGOTT, RIVERA, ABDUS-SALAAM, STEIN and FAHEY concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed and indictment dismissed, with leave to the People, if they be so advised, to resubmit the charge of assault in the second degree to a new grand jury, in a memorandum.