■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LANE, Also Known as GARY RICE, Appellant. [19 NYS3d 727]—

Judgment, Supreme Court, Bronx County (Doris M. Gonzalez, J.), rendered December 6, 2010, convicting defendant, after a jury trial, of assault in the first degree and conspiracy in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

During the course of this trial, the jury sent seven notes to the court; it is the trial court's handling of two of these notes (the third and fifth note), which concern us on this appeal. The third note, sent by the jury on October 21, 2010 at 4:30 p.m., consisted of three parts. It was sent the same day the jury was charged and began deliberation. In the note, among other things, the jury asked whether it could start "fresh" the next day because they had "a lot of information" to consider. They also asked for extensive read backs (two days' worth) of certain testimony. The court did not read the third note in its entirety into the record then, or at any time thereafter. The record is also devoid of any mention that the note was handed over to the attorneys to read. Instead, the court called the jury back into the courtroom and paraphrased only some aspects of it, omitting other requests of a substantive nature. The next day, October 22, at 1:20 p.m., the jury sent the fifth note stating that it was "deadlocked," indicating some dissension and asking "What should we do? How should we proceed?" Unlike the

third note, this one was read into the record verbatim, but the court did not ask the attorneys for any input as to how it should respond. No objections were made.

By only paraphrasing some of the content of the third note, and failing to read the precise content of the that note into the record verbatim at any time, the court violated the procedures set forth in *People v O'Rama* (78 NY2d 270, 277-278 [1991]), more recently reiterated in *People v Nealon* (26 NY3d 152 [2015]), and previously in *People v Silva* (24 NY3d 294, 299 [2014], *rearg denied* 24 NY3d 1216 [2015]; *see also People v Mendez*, 26 NY3d 1004 [2015]). A court does not satisfy its responsibility to provide counsel with meaningful notice of a jury's substantive inquiry by summarizing the substance of the jurors' note (*Nealon*, 26 NY3d at 156). The third note, which was a substantive jury inquiry, should not have been paraphrased, but read in its entirety so that counsel had meaningful notice of its contents and, therefore, an opportunity to formulate a proposed response. Although counsel did not object to how the court handled the third note, the court's failure to read this substantive note into the record verbatim, is a "mode of proceedings error," and given this departure, counsel was not required to object to it in order to preserve any claim of error for appellate review (*Nealon*, 26 NY3d at 157). In responding to the fifth note, which was read into the record verbatim, the court did not elicit any recommendations or input from counsel in how to respond. Since reversal is required on the basis of the court's departure in handling the third note alone (*id.* at *4, citing *People v Walston*, 23 NY3d 986, 990 [2014]; *People v Tabb*, 13 NY3d 852, 853 [2009]; *People v Kisoon*, 8 NY3d 129, 135 [2007]), we do not reach the issue of whether the court's departure in handling the fifth note is also a basis for reversal. Concur—Sweeny, J.P., Andrias, Saxe and Gische, JJ.