■ The People of the State of New York, Respondent, v Ronald G. Brink, Appellant. (Appeal No. 1.) [21 NYS3d 773]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered December 9, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the second count of the indictment is dismissed without prejudice to the People to file or represent to another grand jury any appropriate lesser charge under that count, and a new trial is granted on the remaining count, in accordance with the following memorandum: Defendant was convicted upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and grand larceny in the fourth degree (§ 155.30 [1]). On a prior appeal, this Court modified the judgment by reducing the conviction of grand larceny to petit larceny and remitted the matter to County Court for sentencing on the petit larceny conviction (*People v Brink*, 78 AD3d 1483 [2010], *lv denied* 16 NY3d 742 [2011], *reconsideration denied* 16 NY3d 828 [2011]). We subsequently granted defendant's motion for a writ of error coram nobis, however, on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., whether County Court erred in failing to comply with CPL 310.30 in its handling of a jury note (*People v Brink*, 124 AD3d 1419, 1419 [2015]). Upon reviewing the appeal de novo, we agree with defendant that the judgment of conviction must be reversed and a new trial granted.

We agree with defendant that the court violated the core requirements of CPL 310.30 in failing to advise counsel on the record of the contents of a substantive jury note before accepting a verdict, and thereby committed reversible error (*see People v Silva*, 24 NY3d 294, 299-300 [2014]; *People v O'Rama*, 78 NY2d 270, 277-278 [1991]). The record establishes that, during its deliberations, the jury sent two notes requesting certain specified testimony and legal instructions. The record reflects that the court read those notes into the record and formulated its response after discussing them with counsel. As the court brought the jury into the courtroom to respond to the first two notes, the jury gave a third note to the court. The court told the jury that it would respond to the first two notes at that time, and would then discuss the issue raised in the third note with counsel after sending the jury back to the jury room. The court stated that the "third note [had] not yet [been] shown to counsel nor have we had an opportunity to discuss it." The record further reflects that the jury resumed its deliberations after the court provided requested testimony and instruction in response to the first two notes, and then rendered a verdict of guilty. The third note, which is included in the record, indicates that the jury was seeking the testimony of a particular witness on a specific topic, but there is nothing in the record indicating that the note was shown to counsel, or that it was read into the record before the jury rendered its verdict. Where, as here, "the record fails to show that defense counsel was apprised of the specific, substantive contents of the note . . . [,] preservation is not required" (*People v Walston*, 23 NY3d 986, 990 [2014]; *see Silva*, 24 NY3d at 299-300), and we conclude that the "[c]ourt committed reversible error by violating the core requirements of CPL 310.30 in failing to advise counsel on the record of the contents of a substantive jury note before accepting a verdict" (*People v Garrow*, 126 AD3d 1362, 1363 [2015]). We therefore reverse the judgment and grant a new trial, but only on the burglary count.

We note that, in the order on the original appeal, this Court reduced the conviction of grand larceny in the fourth degree (Penal Law § 155.30 [1]), to petit larceny (§ 155.25), based on the insufficiency of the evidence on the greater charge (*Brink*, 78 AD3d at 1483-1484). In our order granting defendant's motion for a writ of error coram nobis, however, we vacated that order and indicated that we would consider the appeal de novo, and defendant does not address the sufficiency of the evidence in his brief on appeal (*Brink*, 124 AD3d at 1419). We further note the well-settled principle, however, that "dismissal of a count due to insufficient evidence is tantamount to an acquit-

tal for purposes of double jeopardy and protects a defendant against additional prosecution for such count" (*People v Biggs*, 1 NY3d 225, 229 [2003]). Consequently, we conclude, for the reasons stated in our original order in the matter (*Brink*, 78 AD3d at 1483-1484), that the evidence is not legally sufficient to support the conviction of grand larceny in the fourth degree. Nevertheless, because we further conclude that the evidence is legally sufficient to support a conviction of petit larceny, upon reversing the conviction of grand larceny in the fourth degree based on the court's error with respect to the jury note, we dismiss the second count of the indictment without prejudice to the People to file or represent to another grand jury any appropriate charge under that count (*see People v Walker*, 119 AD3d 1402, 1403 [2014]). Present—Scudder, P.J., Smith, Carni, Lindley and Valentino, JJ.