# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**367**

**KA 05-02660**

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JOSE GOMEZ, ALSO KNOWN AS JIM RAY, ALSO KNOWN
AS BOLO, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered November 16, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, attempted assault in the second degree, assault in the second degree, criminal possession of a weapon in the third degree, criminal mischief in the fourth degree, petit larceny and tampering with physical evidence.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts 2, 5, and 8 through 11 of the indictment, and count 1 of the indictment is dismissed without prejudice to the People to re-present any appropriate charge under that count of the indictment to another grand jury.

Memorandum: On a prior appeal, we affirmed the judgment convicting defendant upon a jury verdict of, inter alia, attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]) and assault in the second degree (§ 120.05 [2]) (*People v Gomez*, 38 AD3d 1271). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue that may have merit, i.e., whether County Court placed on the record a reasonable basis for restraining defendant before the jury (*People v Gomez*, 122 AD3d 1345), and we vacated our prior order. We now consider the appeal de novo.

We agree with defendant that the court erred in failing to make any findings on the record establishing that defendant needed to wear a stun belt during the trial (*see People v Buchanan*, 13 NY3d 1, 4). Contrary to the People's contention, harmless error analysis is not applicable (*see People v Schrock*, 99 AD3d 1196, 1197). We therefore

reverse the judgment and grant a new trial on counts 2, 5, and 8 through 11 of the indictment, and we dismiss count 1 of the indictment without prejudice to the People to re-present any appropriate charge under that count of the indictment to another grand jury.

We further agree with defendant that a new trial is required based on the court's failure to comply with CPL 310.30 in regard to Court Exhibit 11, a note from the jury during its deliberations. "[T]he '[c]ourt committed reversible error by violating the core requirements of CPL 310.30 in failing to advise counsel on the record of the contents of a substantive jury note before accepting a verdict' " (*People v Brink*, 134 AD3d 1390, 1391; *see People v Kisoon*, 8 NY3d 129, 134-135; *People v Garrow*, 126 AD3d 1362, 1363). Furthermore, "[w]here, as here, 'the record fails to show that defense counsel was apprised of the specific, substantive contents of the note . . . [,] preservation is not required' " (*Brink*, 134 AD3d at 1391, quoting *People v Walston*, 23 NY3d 986, 990).  Contrary to the People's contention, the presumption of regularity does not apply to errors of this kind (*see People v Silva*, 24 NY3d 294, 299-300, *rearg denied* 24 NY3d 1216).

Defendant failed to preserve for our review his contention that the conviction of attempted assault in the second degree is based on legally insufficient evidence (*see People v Gray*, 86 NY2d 10, 19) and, in any event, we conclude that it is without merit.  The fact that defendant's codefendant was convicted of attempted murder in the second degree and defendant was acquitted of that count but convicted of the lesser included offense of attempted assault in the second degree "does not undermine the inference of accessorial liability" (*People v Dedaj*, 303 AD2d 285, 285, *lv denied* 100 NY2d 580).  Viewing the evidence in light of the elements of attempted assault in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict with respect to that count is against the weight of the evidence (*see People v Thomas*, 5 AD3d 305, 307, *lv denied* 2 NY3d 807; *see generally People v Bleakley*, 69 NY2d 490, 495).

In light of our determination to grant a new trial, we do not consider defendant's remaining contentions.

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court