THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD C. FEDRICK, JR., Appellant. [54 NYS3d 482]—

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 14, 2013. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the first degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) and assault in the second degree (§ 120.05 [2]). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is legally sufficient evidence to establish defendant's intent to commit a robbery. Defendant asked the victim about the amount of drugs that he was seeking to purchase, and the victim replied that he wanted $100 worth. Minutes later, defendant jabbed the victim in the back with a sharp instrument, told the victim to "give it up," and stabbed the victim when he tried to flee. The evidence of defendant's conduct, along with the surrounding circumstances, is legally sufficient to establish that he intended to rob the victim (*see People v Martinez*, 22 NY3d 551, 556-557, 568

[2014]; *People v Barbuto*, 126 AD3d 1501, 1503 [2015], *lv denied* 25 NY3d 1159 [2015]).

The remainder of defendant's challenges to the sufficiency of the evidence are not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not " 'specifically directed' " at the grounds now raised on appeal (*People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject defendant's contention that Supreme Court failed to provide defense counsel with meaningful notice of a jury note, in violation of the procedure set forth in *People v O'Rama* (78 NY2d 270 [1991]). The jury note was "ministerial in nature and therefore require[d] only a ministerial response" (*People v Nealon*, 26 NY3d 152, 161 [2015]), and thus the *O'Rama* procedure was not implicated (*see People v Williams*, 142 AD3d 1360, 1362 [2016], *lv denied* 28 NY3d 1128 [2017]).

Defendant failed to preserve for our review his contention that the court erred in failing to instruct the jury to consider the counts against defendant separately from the counts against his codefendant at this joint trial, inasmuch as defendant failed to request a specific charge or object to the charge as given (*see* CPL 470.05 [2]; *People v Miller*, 137 AD3d 1712, 1713 [2016], *lv denied* 27 NY3d 1153 [2016]; *People v Gega*, 74 AD3d 1229, 1231 [2010], *lv denied* 15 NY3d 851 [2010], *denied reconsideration* 15 NY3d 920 [2010]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defense counsel's failure to request a missing witness charge did not render his assistance ineffective (*see People v Myers*, 87 AD3d 826, 828 [2011], *lv denied* 17 NY3d 954 [2011]).

We have considered defendant's remaining contentions and conclude that none requires reversal or modification of the judgment. Present—Centra, J.P., Peradotto, Lindley, Curran and Scudder, JJ.