THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY HALL, Appellant. [68 NYS3d 241]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered August 17, 2005. The judgment convicted defendant upon a jury verdict of, inter alia, attempted murder in the second degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts 1, 2, and 7 through 11 of the indictment.

Memorandum: On a prior appeal, we affirmed the judgment convicting defendant upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the second degree (§ 120.05 [2]) (*People v Hall*, 48 AD3d 1032 [4th Dept 2008], *lv denied* 11 NY3d 789 [2008]). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise issues that may have merit, i.e., whether County Court had placed on the record a reasonable basis for restraining defendant before the jury and whether the court had complied with CPL 310.30 with regard to court exhibit No. 11, a note from the jury during its deliberations (*People v Hall*, 142 AD3d 1401 [4th Dept 2016]), and we vacated our prior order. We now consider the appeal de novo.

As we concluded in codefendant's appeal, we agree with defendant "that the court erred in failing to make any findings on the record establishing that defendant needed to wear a stun belt during the trial. Contrary to the People's contention, harmless error analysis is not applicable" (*People v Gomez*, 138 AD3d 1486, 1487 [4th Dept 2016] [citation omitted]; *see People v Buchanan*, 13 NY3d 1, 4 [2009]; *People v Schrock*, 99 AD3d 1196, 1197 [4th Dept 2012]). We therefore reverse the judgment and grant a new trial on counts 1, 2, and 7 through 11 of the indictment, the counts of which he was convicted.

We reject the People's further contention that defendant's conviction became final before the Court of Appeals's decision in *Buchanan* and that the decision should not be applied retroactively to allow a collateral attack on the judgment. In granting defendant's motion for a writ of error coram nobis, we vacated our prior order and are considering the appeal de novo (*see People v Brink*, 134 AD3d 1390, 1391 [4th Dept 2015]). This appeal is therefore not a collateral attack on the judgment. In addition, we are not persuaded by the People's position that *Buchanan* should be applied prospectively only. *Buchanan* did not announce " 'new' rules of law that represent sharp departures from precedent or raise concerns about the orderly administration of justice" (*People v Vasquez*, 88 NY2d 561, 573-574 [1996]; *see generally People v Pepper*, 53 NY2d 213, 220 [1981], *cert denied* 454 US 967 [1981]). Instead, we apply the "traditional common-law" rule of deciding this appeal in accordance with the law as it now exists (*Vasquez*, 88 NY2d at 573; *see People v Schrock*, 108 AD3d 1221, 1225 [4th Dept 2013], *lv denied* 22 NY3d 998 [2013], *denied reconsideration* 23 NY3d 1025 [2014]).

We reject defendant's contention that reversal is required based on alleged mode of proceedings errors during jury deliberation. With respect to court exhibit No. 11, we note that the exhibit has been located since codefendant's appeal and that it is simply a ministerial request from the jury for a lunch and smoking break. We therefore conclude that there was no *O'Rama* error requiring this Court to reverse the judgment on that ground (*see People v Fedrick*, 150 AD3d 1656, 1657 [4th Dept 2017], *lv denied* 29 NY3d 1126 [2017]). We reject defendant's further contention that reversal is required on the ground that the record fails to demonstrate that he was present when the court gave nonministerial instructions to the jury in response to jury notes. A defendant alleging that he was denied his right to be present at a material stage of trial has the "burden of coming forward with substantial evidence establishing his absence" (*People v Foster*, 1 NY3d 44, 48 [2003]). "Without more, [a court reporter's] failure to record a defendant's presence is insufficient to meet the defendant's burden of rebutting the presumption of regularity" (*id.*; *see People v Martin*, 26 AD3d 847, 848-849 [4th Dept 2006], *affd* 8 NY3d 129 [2007]).

In light of our determination to grant a new trial, we do not consider defendant's remaining contentions with respect to the sentence. Present—Centra, J.P., Peradotto, Lindley, Curran and Troutman, JJ.