People v Clarke

2026 NY Slip Op 02530

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

TREVOR E. CLARKE, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

177 KA 20-00981

Present: Curran, J.P., Montour, Smith, Ogden, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered May 28, 2020. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (five counts), sexual abuse in the third degree, predatory sexual assault against a child (three counts), and endangering the welfare of a child (two counts).

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences of incarceration imposed on counts 2 and 6 of the indictment shall run concurrently with each other and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of five counts of sexual abuse in the first degree (Penal Law § 130.65 [1], [4]), three counts of predatory sexual assault against a child (former § 130.96), one count of sexual abuse in the third degree (§ 130.55), and two counts of endangering the welfare of a child (§ 260.10 [1]).

Defendant contends that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Where, as here, "witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005], quoting Bleakley, 69 NY2d at 495; see People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014]). Although a different verdict would not have been unreasonable, we cannot conclude that the jurors " 'failed to give the evidence the weight it should be accorded' " (People v Bailey, 239 AD3d 1375, 1376 [4th Dept 2025], lv denied 44 NY3d 1009 [2025]). Any inconsistencies in the testimony of the witnesses merely presented credibility issues for the jury to resolve (see People v Cerroni, 225 AD3d 1117, 1120 [4th Dept 2024], lv denied 41 NY3d 1017 [2024]; People v Watts, 218 AD3d 1171, 1173-1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]; People v Woolson, 122 AD3d 1353, 1355 [4th Dept 2014], lv denied 25 NY3d 1078 [2015]).

Defendant further contends that County Court deprived him of his constitutional right to present a defense when it precluded him from questioning one of the victims about statements she attributed to defendant that she had previously attributed to a third party. We conclude that "defendant did not assert a constitutional right to introduce the excluded evidence at trial," and that his constitutional claim is therefore unpreserved for our review (People v Simmons, 106 AD3d 1115, 1116 [2d Dept 2013], lv denied 22 NY3d 1043 [2013]; see People v Garrow, 126 AD3d 1362, 1363 [4th Dept 2015]), and we decline to exercise our power to review that [*2]contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Finally, we agree with defendant that the sentence is unduly harsh and severe. "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime[s] charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (People v Farrar, 52 NY2d 302, 305 [1981]). Here, although defendant's conduct was heinous and despicable, we conclude that the aggregate prison sentence of 52 years to life is not justified under the circumstances of this case (see People v Franklin, 206 AD3d 1610, 1613 [4th Dept 2022], lv denied 38 NY3d 1150 [2022]). In contrast to the aggregate sentence imposed by the court, which effectively guarantees a life sentence without the possibility of parole, we conclude that a prison sentence aggregating to 37 years to life is an appropriate sanction for the crimes committed (see id.). We therefore modify the judgment, as a matter of discretion in the interest of justice, by directing that the sentences of incarceration imposed on counts 2 and 6 of the indictment shall run concurrently with each other (see CPL 470.15 [6] [b]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court