■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. LA GRANGE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 28, 1984, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant was indicted and charged with sexual abuse in the first degree based on a December 1983 incident wherein he was alleged to have sexually molested a four-year-old girl whom he was babysitting. Defendant was 17 years old at the time of the incident. Defendant pleaded guilty as charged and moved to be treated as a youthful offender. County Court denied the motion and sentenced defendant to an indeterminate term of imprisonment of 2 to 6 years. This appeal by defendant ensued.

Defendant initially challenges County Court's refusal to adjudicate him a youthful offender. We have recently had

occasion to set forth the factors to be considered in this regard *(People v Cruickshank,* 105 AD2d 325, 333-336). A decision to deny youthful offender status must appear distinctly in the sentencing minutes and cannot be assumed from the fact that a conventional sentence was imposed. The proper procedure is for the sentencing courts to first rule on youthful offender status and give its reasons. If youthful offender status is denied, the sentencing court should go on to render its conventional sentence. In the instant case, while County Court's denial of youthful offender status could have been made more distinct from the imposition of the indeterminate sentence, a reading of the sentencing minutes indicates that all of the factors considered by County Court were fully set forth initially, and those factors formed the basis of the decision to deny youthful offender status.

We also find no fault with County Court's denial of youthful offender status. While this was defendant's first offense, it was a heinous crime, the victim of which was unable to respond or defend herself. Moreover, as pointed out by County Court, defendant violated the trust placed in him by the child's parents in retaining him as a babysitter. Further, there are no significant mitigating circumstances present.

Finally, we do not find the indeterminate prison term of 2 to 6 years to be harsh or excessive. First degree sexual abuse is a class D felony for which a sentence of up to 2⅓ to 7 years was authorized. By not imposing this maximum, County Court took cognizance of defendant's youth and lack of prior record.

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.