■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEROME RIVERS, Respondent.—Order, Supreme Court, New York County (Stephen G. Crane, J.), entered September 12, 1986, which granted defendant's motion to dismiss the indictment charing him with rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, and denied the People leave to resubmit the case to a second Grand Jury, unanimously modified, on the law, to grant leave to resubmit to a second Grand Jury and otherwise affirmed.

In the course of the Grand Jury proceedings the Assistant District Attorney undertook to administer the oath to the underage victim witness. We hold that the Assistant is not among those authorized to swear a witness, and in the absence of an oath properly administered either by the foreman or any other grand juror, the indictment was properly dismissed (CPL 190.25 [2]).

However, unlike the motion court, we find that the voir dire of the almost five-year-old witness was, on its face, sufficient to rebut the presumption of incompetency that exists in criminal cases as to the testimony of a child under 12 years old (CPL 60.20 [2]; *see, Wheeler v United States,* 159 US 523, 524-526; *cf., People v Ranum,* 122 AD2d 959; *People v Smith,* 104 AD2d 160). Since the witness clearly understood the import and solemnity of the testimonial oath, the People should be given an opportunity to re-present the case to another Grand Jury. Concur—Milonas, J. P., Kassal, Ellerin and Wallach, JJ.