■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR C. FORD, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of sodomy in the first degree and two counts of sexual abuse in the first degree. Defendant contends that the court's supplemental instructions coerced the jury verdict; that first degree sodomy and first degree sexual abuse should have been charged in the alternative; that the court erred in allowing the five-year-old complainant to testify; that the court failed to comply with the provisions of CPL article 730; and that the court erred in refusing to suppress defendant's statement to police. None of those contentions has merit.

After deliberating for only three hours, the jury delivered a note to the court requesting instructions on how to proceed if it could not reach a unanimous decision on the first count. The note also stated that the jury had reached a decision on the other counts. The court instructed the jury to keep deliberating because it was necessary to reach a verdict on each count. The court further stated that, if the jury chose to do so, it could take a break in its deliberations to go to dinner. The jury reached a verdict a short time later. Defendant failed to object to the supplemental instruction and thus his claim that it was coercive is not preserved for appellate review. We decline to review it in the interests of justice. If we were to consider it, we would find that the court's instruction was not coercive.

Defendant's contention that the court should have charged first degree sexual abuse as an inclusory concurrent count of first degree sodomy is without merit. Sexual abuse is not an inclusory concurrent count of sodomy because it is possible to commit sodomy without committing sexual abuse (CPL 1.20 [37]; 300.30 [4]; *see,* Penal Law § 130.00 [3]; §§130.50, 130.65; *cf., People v Wheeler,* 67 NY2d 960, 962).

Prior to admitting the testimony of the young victim, the court conducted a preliminary examination and was satisfied that she understood the importance of telling the truth. That determination was within the broad discretion of the court and should not be disturbed absent an abuse of discretion *(see, People v Parks,* 41 NY2d 36, 46-50).

We have reviewed defendant's remaining arguments and find them lacking in merit. (Appeal from judgment of Oneida County Court, Parker, J.—sodomy, first degree; sexual abuse, first degree.) Present—Dillon, P. J., Denman, Boomer, Green and Davis, JJ.