■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE GREEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of first degree sodomy and endangering the welfare of a child. The victim, a relative of the defendant, was six years old when the crimes occurred. Defendant argues that the court erred in allowing the young complainant to testify under oath; that the court erred in receiving into evidence a technician's laboratory report and a doctor's emergency room report; and that his sentence is harsh and excessive. The court properly found, after a preliminary examination, that the complainant knew and appreciated the difference between truth and falsity and knew the consequences of telling a lie (see, CPL 60.20 [2]; People v Nisoff, 36 NY2d 560, 566; People v Green, 181 AD2d 1041 [decided herewith]; People v Schultz, 168 AD2d 468). In any event, even if the victim was not properly sworn, her testimony was sufficiently corroborated by other family members and by medical evidence (see, People v Groff, 71 NY2d 101, 109-111). The reports were properly admitted and, in any event, any error would be harmless given the overwhelming evidence of defendant's guilt (see, People v Johnson, 57 NY2d 969, 970-971; People v Riggsbee, 159 AD2d 1018, lv denied 76 NY2d 795). There is nothing in the record to warrant modification of defendant's sentence. (Appeal from Judgment of Oneida County Court, Buckley, J.—Sodomy, 1st Degree.) Present—Green, J. P., Pine, Balio, Lawton and Davis, JJ.