THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH L. HOMAN, Appellant. [654 NYS2d 925] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child. Defendant's contention that the prosecutor improperly led the nine-year-old complainant during her Grand Jury testimony "is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]). Contrary to defendant's further contention, County Court did not abuse its discretion in partially excluding the public from the courtroom during the trial testimony of complainant, who the prosecutor said was nervous and embarrassed to testify about sexual acts committed upon her by defendant, her grandfather. The People advanced an overriding interest that was likely to be prejudiced; the closure was no broader than

necessary to protect that interest; the court considered reasonable alternatives to closure; and the court made findings adequate to support its decision partially to close the courtroom to the public (*see, Waller v Georgia*, 467 US 39, 48; *People v Kin Kan*, 78 NY2d 54, 57-58, *rearg denied* 78 NY2d 1008).

We further conclude that the court did not abuse its discretion in allowing complainant to testify under oath. Complainant demonstrated that she had " 'sufficient intelligence to understand the nature of an oath and to give a reasonably accurate account of what [s]he has seen and heard vis-à-vis the subject about which [s]he is interrogated' " (*People v Parks*, 41 NY2d 36, 45; *see*, CPL 60.20 [2]). Even assuming, arguendo, that the court erred in permitting complainant to testify under oath, her testimony was sufficiently corroborated by other evidence at trial (*see, People v Groff*, 71 NY2d 101, 109-111; *People v Green*, 181 AD2d 1060, *lv denied* 80 NY2d 831).

The evidence at trial, viewed in the light most favorable to the People (*see, People v Williams*, 84 NY2d 925, 926), is legally sufficient to support defendant's conviction (*see, People v Bleakley*, 69 NY2d 490, 495). Upon weighing the relative probative force of the conflicting testimony, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley, supra*, at 495). Finally, upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Wayne County Court, Sirkin, J.— Rape, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Fallon, JJ.