■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARDO DIAZ, Appellant. [703 NYS2d 414] —Judgment unanimously affirmed. Memorandum: Supreme Court did not abuse its discretion in denying defendant's *Batson* motion (*see, Batson v Kentucky,* 476 US 79). The prosecutor's explanation for exercising a peremptory challenge to strike a Hispanic juror, that his "body language" indicated unwillingness to look at the prosecutor while he was asking questions of the witness, was race-neutral (*see, People v Hernandez,* 75 NY2d 350, 356-357, *affd* 500 US 352; *People v McCargo,* 226 AD2d 480, 481). Defendant failed to establish that the reason given by the prosecutor was pretextual (*see, People v Payne,* 88 NY2d 172, 181).

The court did not abuse its discretion in allowing two witnesses, ages 11 and nine, to give sworn testimony (*see, People v Homan,* 237 AD2d 987, 988, *lv denied* 89 NY2d 1094). Defendant failed to preserve for our review his present contention that the evidence is not legally sufficient to establish that the victim sustained a serious injury (*see, People v Gray,* 86 NY2d 10, 19). The court's *Sandoval* ruling, permitting the prosecutor to ask defendant if he was convicted of a felony but not allowing the prosecutor to elicit the underlying facts or the sentence received, did not constitute an abuse of discretion (*see, People v Sandoval,* 34 NY2d 371, 375). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Assault, 2nd Degree.) Present—Green, A. P. J., Pine, Pigott, Jr., and Scudder, JJ.