■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSICA McIVER, Appellant. [791 NYS2d 587]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), dated October 2, 2003, convicting her of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

"An effective waiver of *Miranda* rights [*see Miranda v Arizona,* 384 US 436 (1966)] may be made by an accused of subnormal intelligence so long as it is established that he or she understood the immediate meaning of the warnings" (*People v Williams,* 62 NY2d 285, 287 [1984]; *see People v Fergus,* 270 AD2d 357, 358 [2000]; *People v Williams,* 186 AD2d 770, 771 [1992]; *People v Zuluaga,* 148 AD2d 480, 481 [1989]). On this record, we find no reason to disturb the hearing court's findings that the defendant knowingly and intelligently waived her *Miranda* rights and voluntarily made statements to law enforcement officials.

Moreover, we find no error in the trial court's decision to allow the five-year-old complainant to testify under oath, as she adequately demonstrated, upon voir dire, that she appreciated the difference between truth and falsehood, the necessity for telling the truth, and the fact that a witness may be punished for telling a lie in court (*see* CPL 60.20 [2]; *People v Nisoff,* 36 NY2d 560, 565-566 [1975]; *People v McCall,* 277 AD2d 467, 468 [2000]; *People v Dorsey,* 265 AD2d 567, 568 [1999]; *People v Ford,* 155 AD2d 863 [1989], *affd* 76 NY2d 868 [1990]; *People v Rivers,* 145 AD2d 319 [1988]). In any event, on this record, the complainant could properly have been permitted to testify as an unsworn witness (*see* CPL 60.20 [2]), and, because her testimony was sufficiently corroborated by other evidence (*see People v Groff,* 71 NY2d 101 [1987]), including the defendant's own statements to the police, any error in permitting the complainant to testify under oath would have been harmless (*see People v Pullman,* 234 AD2d 955 [1996]; *People v Lynch,* 216 AD2d 929 [1995]; *People v Green,* 181 AD2d 1060 [1992]).

Moreover, the court's determination to deny youthful offender treatment to the defendant was a provident exercise of discretion (*see* CPL 720.20; *People v Ferguson,* 285 AD2d 901 [2001]; *People v Wallace,* 246 AD2d 676 [1998]; *People v LaGrange,* 115 AD2d 149 [1985]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.