■ The People of the State of New York, Respondent, v Alexis Gruyair, Appellant. [904 NYS2d 48]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered June 16, 2005, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the first degree, and sentencing him to concurrent terms of 12 years, unanimously affirmed.

During the first two days of deliberations, the jury sent eight notes asking for, inter alia, readback of testimony and legal instructions. Each of those notes was marked as a court exhibit and reviewed by the prosecutor and counsel. On the third day of deliberations, at 11:10 A.M., the jury sent note number IX marked "Confidential," stating: "We the jury request clarification on what happens after the verdict is read. We would like to be escorted out & be able to leave the building without having contact with any observers in this Court."

At 11:45 A.M., the jury sent out note number X, informing the court it had reached a verdict. Before bringing the jury into the courtroom, the court advised all present—parties and spectators—that the jury was about to render its verdict, and that everyone should "stay silent" and "let them leave the room." After the foreperson read the verdict, the court polled the jurors, and had them retire to the jury room. The court then arranged for court officers to escort them out of the courthouse.

Three years later, in May 2008, defendant moved, pursuant to CPL 440.10, to vacate his conviction, arguing that the trial court committed error by failing to inform his counsel of note number IX and further erred by failing to respond to the note. The court denied the motion without a hearing, acknowledging that it had not shown the note to defendant or counsel. Consistent with the jurors' wishes as expressed in the note, and without comment to anyone, the court allowed the jurors to leave the room and the building, escorted by court officers. The court found defendant's argument on the CPL 440.10 motion to be without merit as the note in question—rather than a "substantive" inquiry—belonged more "to the category of coffee and snack requests." The court stated that the jury's request concerning its mode of exit from the courthouse after the verdict was "quite common in cases, like this one, which involve a large cast of characters who freely and unashamedly proclaim their violent criminal histories." The court concluded that the note did "not imply improper influence on deliberations; it simply evidences that the jurors are streetwise New Yorkers."

We denied defendant's motion for leave to appeal from the denial of this motion on May 26, 2009.

CPL 310.30 provides that upon a jury's request, during deliberations, "for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case . . . the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper."

The statute imposes two separate duties on the court following a substantive juror inquiry: to notify counsel, and to give a meaningful response (*People v Kisoon*, 8 NY3d 129, 134 [2007]). Procedurally, "whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel. . . . After the contents of the inquiry are place on the record, counsel should be afforded a full opportunity to suggest appropriate responses. . . . Finally, when the jury is returned to the courtroom, the communication should be read in open court so that the individual jurors can correct any inaccuracies in the transcription of the inquiry" (*People v O'Rama*, 78 NY2d 270, 277-278 [1991]).

On the other hand, a "ministerial communication" that is "wholly unrelated to the substantive legal or factual issues of

the trial" may not require such a rigorous procedure (*see People v Harris*, 76 NY2d 810, 812 [1990]).

Instructive in this regard is *People v Ochoa* (14 NY3d 180 [2010]), where the court received two notes on the day of the verdict. The first note, written at 1:25 P.M., stated: "Have reached a verdict" (*id.* at 184). The second, written 55 minutes later, was a personal note from the foreperson, stating, "Your honor, I do not feel comfortable reading this verdict" (*id.*). The court met with the foreperson without informing defense counsel beforehand. Immediately thereafter, in open court, the judge informed the prosecutor and counsel that two notes had been received. It explained that with respect to the second note, the court asked the foreperson to come in and explain why he didn't feel comfortable. The juror told the court that "he didn't want to go through and have to say what the verdict was, never telling me [the court] the verdict. . . . I explained to him how it goes and all he has to do is answer guilty or not guilty. And then he seemed relieved and he said, 'Oh, okay, fine' " (*id.* at 185).

The Court of Appeals, while noting that a more prudent course of action would have been to follow the *O'Rama* procedure, nonetheless found that the note was of a "ministerial nature" as it related only to the foreperson's concern about the manner of the delivery of the verdict. The court determined that the judge "acted within his discretion by seeking clarification of the note's meaning before notifying defense counsel" (*id.* at 188), and affirmed the conviction.

While we emphasize that the better practice here would have been to disclose the note to counsel and follow the procedure outlined in *O'Rama*, reversal is not warranted under the particular facts of this case. The jurors' request to be escorted out of the building after the verdict was delivered did not involve a request for "instruction or information" within the meaning of CPL 310.30 and was unrelated to the substantive legal or factual issues at trial. "Consequently, it cannot be said that defendant's presence during this communication would have borne any relation, let alone any reasonably substantial relation, to his opportunity to defend against the charges. His presence, therefore, was not constitutionally required" (*Harris*, 76 NY2d at 812). Concur—Gonzalez, P.J., Sweeny, Richter, Abdus-Salaam and Román, JJ.