[982 NE2d 1252, 959 NYS2d 119]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN MAYS, Appellant.

Argued November 13, 2012; decided December 18, 2012

APPEARANCES OF COUNSEL

*Timothy P. Donaher, Public Defender*, Rochester (*James G. Eckert* of counsel), for appellant.

*Sandra Doorley, District Attorney*, Rochester (*Geoffrey Kaeuper* and *Stephen X. O'Brien* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant Calvin Mays was charged with robbery and related offenses arising from two armed robberies in Rochester. One of the robberies was recorded on a surveillance video, which was admitted into evidence at his jury trial. The trial exhibit consisted of a copy of a single DVD taken from the store's video surveillance system, and showed the robbery from two different cameras and angles. During deliberations, the jury sent the trial judge a note asking to see the video again; it was played for them by the prosecutor through a computer and projected onto a television screen. The record reflects that the video was slowed down for the jury "close to real time," and that it was difficult to make out the beginning part of the relevant images. While the prosecutor was playing the video at the judge's direction, jurors called out various requests—i.e., to reduce the glare from courtroom lights, to play the video again, to freeze a view— which the prosecutor accommodated. This resulted in some back-and-forth between jurors and the prosecutor, on the order of "Can you freeze it?" "I just did"; and "Do you want to see it again?" "Yes."

The jury acquitted defendant of all charges relating to the videotaped robbery, but convicted him of first- and second-degree robbery for the other crime charged. He was sentenced as a persistent violent felony offender to concurrent indeterminate terms of imprisonment of 25 years to life. Upon his appeal, defendant argued that the trial judge's decision to permit the prosecutor to interact directly with the jury while replaying the surveillance video violated *People v O'Rama* (78 NY2d 270 [1991]), requiring reversal of the judgment of conviction and sentence. The Appellate Division, with two Justices dissenting, rejected defendant's *O'Rama* claim, concluding that the complained-of communications were "merely ministerial" in nature, "concerning the scope of a request for a readback" and "wholly unrelated to the substantive legal or factual issues of

the trial" (85 AD3d 1700, 1701 [4th Dept 2011] [internal quotation marks omitted]). A dissenting Justice granted defendant leave to appeal, and we now affirm.

■ Defendant contends that the trial judge committed an *O'Rama* error by neglecting to give counsel notice and a say before formulating a response to the jury's requests during the playback (*see O'Rama*, 78 NY2d at 277-278). Here, though, defense counsel was aware of the content of the jurors' comments, which were made out loud in open court, and did not object to anything the judge or prosecutor did in response. And as the Appellate Division pointed out, the prosecutor's communications with the jury were ministerial. Asking that the lights be dimmed because a juror was bothered by the glare, playing the video again once they were, or attempting to stop the video at the place the jurors wished is not the kind of substantive response that implicates *O'Rama*. As a result, preservation was required.

■ Additionally, we reject defendant's argument that the trial judge improperly delegated judicial responsibility in contravention of *People v Ahmed* (66 NY2d 307 [1985], *rearg denied* 67 NY2d 647 [1986]). The record does not show that the judge's control of the courtroom was ever diminished in any way. He was present throughout and participated in the discussion during the replay of the video. And finally, it bears repeating that defendant was acquitted of all the charges arising from the videotaped robbery.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed, in a memorandum.