[53 NE3d 705, 33 NYS3d 828]

The People of the State of New York, Respondent, v Bobby Wallace, Appellant.

Argued March 22, 2016; decided April 28, 2016

### APPEARANCES OF COUNSEL

*Paul, Weiss, Rifkind, Wharton & Garrison LLP*, New York City (*Katherine Kelly Fell* and *Kyle Adam Wirshba* of counsel), and *Seymour W. James, Jr., The Legal Aid Society*, New York City (*Lawrence T. Hausman* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Ellen Stanfield Friedman* and *Sylvia Wertheimer* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant failed to preserve for this Court's review the two arguments he now raises on appeal.

Defendant argues that, irrespective of the surrounding circumstances, his admission that he struck the victim, in response to police questioning, placed him in custody such that his subsequent statement—and the weapon he ultimately produced to the police—should have been suppressed as the involuntary product of a custodial interrogation. It is undisputed that defendant was not advised of his rights under *Miranda v Arizona* (384 US 436 [1966]) before making the statement and producing the physical evidence at issue.

██ We cannot reach defendant's present argument because he failed to make it to the suppression court and that court did not, " 'in response to a protest by a party, . . . expressly decide[ ] the question raised on appeal' " (*People v Graham*, 25 NY3d 994, 996 [2015], quoting CPL 470.05 [2]). Before Supreme Court, defendant sought to suppress the statement and weapon upon the ground that, considering all of the circumstances of the street encounter, he was in custody at the relevant time inasmuch as a reasonable innocent person in defendant's position would not

have felt free to leave. The court denied defendant's motion solely upon the ground that the police questioning was investigatory, not interrogatory, in nature.

Defendant also contends that the trial court's handling of a jury request to take notes during a re-reading of a portion of the charge constituted a mode of proceedings error requiring reversal despite his conceded failure to preserve the issue by not raising it before that court (*see generally People v O'Rama*, 78 NY2d 270 [1991]). We disagree. Under these circumstances, the jury's request was "not the kind of substantive [request] that implicates *O'Rama*" (*People v Mays*, 20 NY3d 969, 971 [2012]). "Nor did the court commit a mode of proceedings error by delegating delivery of its answer to [the] jury question to a court officer" inasmuch as the "task was in this context practically ministerial" (*People v Williams*, 21 NY3d 932, 935 [2013]). Consequently, "preservation was required" and defendant's admitted failure to do so precludes our review (*Mays*, 20 NY3d at 971).

Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Order affirmed, in a memorandum.