# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**802**

**KA 13-01729**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

CRAIG OWENS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 17, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence with respect to the element of intent. The evidence established that the victim had been severely beaten over a period of several hours and that, although those injuries would have eventually resulted in her death, the victim was then strangled to death. Thus, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that a different verdict would have been unreasonable (*see id.* at 348; *People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's further contention, County Court did not abuse its discretion in admitting in evidence two photographs depicting the victim's injuries. That evidence was relevant with respect to defendant's intent and the investigating police officer's determination to treat the victim's death as a homicide, and to corroborate the Medical Examiner's testimony regarding the victim's injuries (*see People v Camacho*, 70 AD3d 1393, 1394, *lv denied* 14 NY3d 886).

We nevertheless conclude that a mode of proceedings error occurred and reversal is required because the record fails to show that defense counsel was advised of the contents of a jury note requesting, inter alia, further instruction on reasonable doubt,

murder in the second degree and manslaughter in the first degree (*see People v Mack*, 27 NY3d 534, 541-542, *rearg denied* 28 NY3d 944; *People v Silva*, 24 NY3d 294, 299-300, *rearg denied* 24 NY3d 1216; *People v Walston*, 23 NY3d 986, 989-990).  Moreover, because the record does not establish that the court advised defense counsel of the contents of the note, we cannot assume that the court complied with its core responsibilities pursuant to CPL 310.30 and *People v O'Rama* (78 NY2d 270) (*see Silva*, 24 NY3d at 300; *Walston*, 23 NY3d at 990; *see generally People v Nealon*, 26 NY3d 152, 160-162).  We therefore reverse the judgment and grant a new trial.  In light of our determination, there is no need to address defendant's remaining contention.

Entered:  November 10, 2016                          Frances E. Cafarell
                                                    Clerk of the Court