# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**794**

**KA 12-01813**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MALCOLM DAME, DEFENDANT-APPELLANT.

---

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered February 1, 2012. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his contention that County Court did not provide him with an opportunity to suggest appropriate responses to a jury note indicating that the jury was at a "three way stand still" (*see People v Nealon*, 26 NY3d 152, 158). We reject defendant's contention that preservation is not required because the court's handling of the jury note is a mode of proceedings error (*see generally People v O'Rama*, 78 NY2d 270, 279). When "counsel has meaningful notice of a substantive jury note because the court has read the precise content of the note into the record in the presence of counsel, defendant, and the jury, the court's failure to discuss the note with counsel before recalling the jury is not a mode of proceedings error. Counsel is required to object to the court's procedure to preserve any such error for appellate review" (*Nealon*, 26 NY3d at 161-162; *see People v Mack*, 27 NY3d 534, 542, *rearg denied* 28 NY3d 944). Here, the record establishes that defendant had meaningful notice of the jury note inasmuch as the court provided counsel with copies of the note before the jury returned to the courtroom, and the court read the note into the record in the presence of counsel, defendant, and the jury (*see Nealon*, 26 NY3d at 161-162; *People v Parker*, 304 AD2d 146, 159, *lv denied* 100 NY2d 585). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see CPL 470.15 [6]

[a]).

    With respect to defendant's contention that the court erred in the handling of a separate jury note requesting exhibits, the record establishes that defendant waived his right to be notified of the jury's request for the trial exhibits, to be present for the reading of any jury note containing such a request, and to have any input into the manner of delivery of the exhibits to the jury (see People v Brown, 125 AD3d 1550, 1551, lv denied 27 NY3d 993). Defendant further contends that the court erred in responding to another jury note by providing the jury with a report that was not in evidence. Defendant failed to object or seek any remedy when the court discussed the issue in the presence of counsel, defendant and the jury, and his "silence at a time when any error by the court could have been obviated by timely objection renders the [contention] unpreserved" for our review (People v Starling, 85 NY2d 509, 516; see People v Geroyianis, 96 AD3d 1641, 1643, lv denied 19 NY3d 996, reconsideration denied 19 NY3d 1102). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

    Defendant's further contention that the court erred in dismissing a hearing-impaired prospective juror without inquiring into the availability of a reasonable accommodation is not preserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crime of manslaughter in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495). "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (People v Orta, 12 AD3d 1147, 1147, lv denied 4 NY3d 801). Defendant failed to preserve for our review his contention that the jury was coerced into reaching a verdict by the court's alleged denial of the jury's request for smoking breaks during deliberations (see generally People v Ford, 155 AD2d 863, 863, affd 76 NY2d 868). In any event, the record belies the contention that the jury was denied smoking breaks, and we therefore conclude that defendant's contention is without merit. Finally, the sentence is not unduly harsh or severe.

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court