Peradotto, J.
(dissenting). I respectfully dissent. In my view, the O’Rama procedure was not implicated because the jury note marked as court exhibit 9 was ministerial in nature, and defendant was therefore required to preserve his challenge to County Court’s handling of that jury note. There is no basis to exercise this Court’s discretion in the interest of justice to address defendant’s unpreserved contention. I would thus affirm the judgment of conviction.
Criminal Procedure Law § 310.30 provides that a deliberating jury “may request the court for further instruction or *1710 information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury’s consideration of the case. Upon such a request, the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper.” The statute thus “imposes two responsibilities on trial courts upon receipt of a substantive note from a deliberating jury: the court must provide counsel with meaningful notice of the content of the note, and the court must provide a meaningful response to the jury” (People v Mack, 27 NY3d 534, 536 [2016], rearg denied 28 NY3d 944 [2016]; see People v Nealon, 26 NY3d 152, 155-156 [2015]; People v O’Rama, 78 NY2d 270, 276-277 [1991]). The statute, however, “does not require notice to defendant in every instance of communication from the jury to the court” (People v Lykes, 81 NY2d 767, 769 [1993]). Rather, “[t]he O’Rama procedure is implicated whenever the court receives ‘a substantive written jury communication,’ ” but that procedure “is not implicated when the jury’s request is ministerial in nature and therefore requires only a ministerial response” (Nealon, 26 NY3d at 161; see People v Mays, 20 NY3d 969, 971 [2012]; People v Ochoa, 14 NY3d 180, 188 [2010]).
An inquiry is substantive, and thus triggers the court’s obligations under O’Rama, “when a deliberating jury requests further instruction or clarification on the law, trial evidence, or any other matter relevant to its consideration of the case” (People v Rivera, 23 NY3d 827, 831 [2014]; see People v Collins, 99 NY2d 14, 17 [2002]). An announcement by the jury that it is deadlocked — which is effectively a request that it be relieved of the duty to resolve the trial issues, thereby requiring further instruction by the court — is also a substantive inquiry (see e.g. People v Kisoon, 8 NY3d 129, 132 [2007]; O’Rama, 78 NY2d at 275, 275 n 2; People v Lockley, 84 AD3d 836, 838 [2011], lv denied 17 NY3d 807 [2011]; see generally CPL 310.60).
In contrast, an inquiry is ministerial if it is “wholly unrelated to the substantive legal or factual issues of the trial” (People v Harris, 76 NY2d 810, 812 [1990]; see People v Hameed, 88 NY2d 232, 241 [1996], cert denied 519 US 1065 [1997]; People v Gruyair, 75 AD3d 401, 402-403 [2010], lv denied 15 NY3d 852 [2010]). Inquiries concerning “ ‘the logistics of the deliberative process,’ ” such as questions about scheduling and requests for breaks (People v Bonaparte, 78 NY2d 26, 30 [1991]; see Mack, 27 NY3d at 537 n 1; see generally People v Brito, 135 AD3d *1711 627, 627 [2016], lv denied 27 NY3d 1066 [2016]; People v Backus, 184 AD2d 231, 231 [1992], lv denied 80 NY2d 926 [1992]), are “ ‘not the kind of substantive [requests] that implicate[ ] O’Rama’ ” (People v Wallace, 27 NY3d 1037, 1039 [2016], quoting Mays, 20 NY3d at 971; see Gruyair, 75 AD3d at 403; People v McDowell, 15 AD3d 840, 840 [2005], lv denied 5 NY3d 791 [2005]).
There are two jury notes at issue in this case. The note marked as court exhibit 8 stated: “We have made decision on the Third Count we are having hard time with 1 and 2 just giving you are [sic] status.” The jury note marked court exhibit 9 stated: “We have arrived on decision on 2 and 3, but we have a lot of work to do on #1. I don[’]t see it being quick. Not sure what to do. We ars [sic] starting to make way.” Preliminarily, I agree with the People and the majority that court exhibit 8 did not constitute an inquiry at all inasmuch as it was merely a status update, i.e., it did not request any “further information or instruction” (Collins, 99 NY2d at 17). Contrary to the majority’s determination, however, even assuming, arguendo, that court exhibit 9 constituted an inquiry, I conclude that it was ministerial in nature because, viewing the text of the note in the context of all the surrounding circumstances (see People v Taylor, 26 NY3d 217, 225-226 [2015]; People v Mitchell, 46 AD3d 480, 480 [2007], lv denied 10 NY3d 842 [2008]), it unambiguously concerned only the logistics of the deliberative process.
Here, at 4:00 p.m. on the first day of deliberations, i.e., the day prior to date of the notes at issue on appeal, the court informed the jury that the building usually closed at 4:30 p.m. and provided the jury with the choice of deliberating until 4:45 p.m. or breaking for the night and continuing the next morning. The court then asked the jury to send out a note at 4:30 p.m. advising whether it would reach a verdict in the remaining time or whether it wished to break for the night. The jury subsequently sent out a note indicating that it would not be able to reach a verdict that evening and requesting to come back in the morning. The court read that note into the record and instructed the jury that it would break until the following morning. The jury continued deliberations the following day beginning at 9:00 a.m., and the jury sent out various notes throughout the day.
The jury notes at issue here were received and addressed by the court at 4:52 p.m. Court exhibit 8 gave a status update, and court exhibit 9 followed up by indicating that the jury had reached a decision on two of the three counts and was starting *1712 to make way with respect to the top count, i.e., rape in the first degree (Penal Law § 130.35 [1]), although it did not expect resolution of that count to be quick. In the presence of defendant, defense counsel and the prosecutor, the court responded by declining to read the notes on the record as it had done with previous notes sent by the jury. Instead, after noting its appreciation for the hard work that the jury had put in throughout the proceedings, the court provided an Allen-type instruction expressing hope that the jury would eventually reach a unanimous verdict. The court continued by mentioning that the jury had been deliberating all day, and that the court would adjourn until the morning if the jurors thought that breaking for the evening would be helpful as opposed to continuing for another hour. The court further discussed that the weather report was calling for poor conditions overnight, and requested that the jurors discuss their options. The jury promptly responded with a note marked as court exhibit 10 indicating that it did not believe that it would be able to come to a unanimous decision in the next hour and preferred to come back in the morning at 10:00 a.m. when the weather would be clear.
Contrary to the majority’s conclusion, considering the full text of court exhibit 9 and all of the surrounding circumstances, “the only reasonable interpretation” (Mitchell, 46 AD3d at 480) of the jury’s statement that it was “[n]ot sure what to do” is that the inquiry concerned the logistics of the jury’s deliberations. The clause was immediately preceded by a reference to the amount of work to be done on the top count and immediately followed by the jury’s indication that it was beginning to make progress. Consistent with the late hour and the court’s practice of giving the jury a choice of whether to break for the evening or continue deliberating based on the status of the jury’s deliberations, the record establishes that the jury raised a question of scheduling when it indicated that it was “[n]ot sure what to do.” The jury was asking whether to continue deliberating or break for the evening given that it had not yet come to a decision on the top count and anticipated needing additional time to reach a verdict even though it was starting to make progress. The jury note did not request the court’s assistance on the ground that the jury was hopelessly deadlocked, and thus the majority’s reliance on Kisoon is misplaced (cf. 8 NY3d at 132; O’Rama, 78 NY2d at 275, 275 n 2). Nor did the jury otherwise indicate that it was at an impasse or a standstill (cf. People v Cook, 85 NY2d 928, 930 [1995]; People v Dame, 144 AD3d 1625, 1625 [2016]). There is thus no basis in the record to support the majority’s interpreta *1713 tion that “the jury was having difficulty reaching a unanimous verdict and was making a substantive inquiry for guidance concerning further deliberations.” To the contrary, the note conveyed that the jury was making progress, but had much work to do with regard to the top count and, therefore, felt it necessary to express its uncertainty whether it should continue deliberating or break for the evening. The inquiry was ministerial inasmuch as it concerned “ ‘the logistics of the deliberative process’ ” (Bonaparte, 78 NY2d at 30), and was “ ‘wholly unrelated to the [remaining] substantive legal [and] factual issue[ ] of the trial,’ ” (Hameed, 88 NY2d at 241), i.e., whether defendant had engaged in sexual intercourse with the victim by forcible compulsion (see Penal Law § 130.35 [1]). The jury’s inquiry “bore no substantial relationship to . . . defendant [⅛] opportunity to defend against the charges” (Hameed, 88 NY2d at 241).
The majority’s reliance on People v Victor (139 AD3d 1102, 1108-1109 [2016], lv denied 28 NY3d 1076 [2016]) is misplaced. In that case, the jury sent out a note stating that “ ‘we have reach [ed] agreement on 9 of the 10 charges # 8G 4NG’ ” (id. at 1108). Shortly thereafter, the jury sent another note stating, “Ready” (id.). When discussing the first jury note with counsel, however, the court indicated only that the jury had reached agreement on nine out of the ten charges and excluded mention of the clause at the end of the note (see id.). The Third Department concluded that the court committed a mode of proceedings error on the ground that the court failed to meet its “affirmative obligation to read [the first jury note] verbatim so that the parties had the opportunity to accurately analyze the jury’s question and frame intelligent suggestions for the court’s response” (id. at 1109). In support of its implicit determination that the note was substantive and triggered the court’s O’Rama obligations, the Third Department cited People v Silva (24 NY3d 294, 299 [2014], rearg denied 24 NY3d 1216 [2015]) and Kisoon (8 NY3d at 134), which involve jury notes indicating deadlock, requesting instruction on the law, and making other substantive inquiries. Significantly, as counsel discussed in Victor, the jury note in that case raised the prospect that the jury was attempting to render a partial verdict upon being deadlocked on the last count (see 139 AD3d at 1108-1109; see generally CPL 310.70) — apparently, in my view, by a vote of eight guilty (G) and four not guilty (NG). As discussed in detail above, that is simply not true in the case before us. Although the jury here provided a further status update to the court on its progress with respect to two of the counts, it also affirmatively indicated that it was moving *1714 forward with its deliberations on the top count. Thus, both the text of court exhibit 9 and the particular surrounding circumstances here are distinguishable from those in Victor and, contrary to the majority, I am not convinced that the implicit determination of a substantive inquiry in that case serves as persuasive authority to be applied to the facts of this case.
To the extent that the court provided a more robust response to the jury note than was required, I agree with the People that the court could not transform a ministerial inquiry regarding the logistics of a productive, continuing deliberation into a substantive deadlock announcement by merely exercising caution and reiterating the jury’s deliberative obligations. Nor is the court’s prudence indicative of an ambiguity. The text and surrounding circumstances establish that the inquiry itself was ministerial and thus the court’s failure to follow the O’Rama procedure at that point, as it had done with the jury’s prior substantive notes, was not a mode of proceedings error.
Finally, I have examined defendant’s remaining contentions and conclude that none requires modification or reversal of the judgment.
Present — Centra, J.P., Peradotto, Lindley, NeMoyer and Scudder, JJ.