People v Dunton (2020 NY Slip Op 03457)





People v Dunton


2020 NY Slip Op 03457


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Acosta, P.J., Richter, Mazzarelli, Webber, González, JJ.


11665 5068/13

[*1] The People of the State of New York, Respondent,
v
Corey Dunton, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel) and Mayer Brown LLP, New York (Christopher J. Houpt of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at hearing; Juan M. Merchan, J. at jury trial and sentencing), rendered February 17, 2017, as amended on February 28, 2017, convicting defendant, after a jury trial, of attempted murder in the first degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), assault in the second degree and reckless endangerment in the first degree, and sentencing him to an aggregate term of 25 years, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress a remark he made during arrest processing, in which he expressed remorse for the injuries he inflicted upon one of the victims. The brief interchange between defendant and a detective that preceded this remark was not the functional equivalent of interrogation (see People v Rivers, 56 NY2d 476, 479-480 [1982]).
The court also properly declined to suppress a lineup identification. Our examination of the lineup photo reveals that, in all respects, defendant and the fillers were reasonably similar in appearance, and there was no substantial likelihood that defendant would be singled out (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]).
Defendant failed to preserve his argument that police committed a constructive violation of Payton v New York (445 US 573 [1980]) by coercing him to leave his apartment, and the court did not expressly rule on that specific argument (see CPL 470.05(2); see generally People v Bailey, 32 NY3d 70, 78 [2018]; see e.g. People v Wallace, 27 NY3d 1037, 1038-1039 [2016]). As an alternative holding, we find that the evidence establishes that defendant was arrested after he voluntarily came out of his apartment (see People v Garvin, 30 NY3d 174, 180-183 [2017], cert denied 586 US __, 139 S Ct 57 [2018]).
In any event, any errors in the suppression rulings at issue were harmless, whether viewed individually or collectively, in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]). Notably, defendant incriminated himself and expressed remorse in Facebook messages and posts. Defendant's challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK