■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PARHAM, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant's claim that the People failed to present legally sufficient evidence to support his conviction for unlawful imprisonment in the first degree is without merit. The 78-year-old victim was bound, gagged and threatened with further harm, and the incident has had a prolonged impact upon her physical health. The jury could have reasonably inferred that defendant's conduct created a risk of serious physical injury (see, Penal Law § 10.00 [10]; § 135.10; *People v Szymczak,* 60 AD2d 663).

We also conclude that the court, in delivering an *Allen* charge to the deadlocked jury, did not coerce or unduly pressure the jury to reach an agreement (see, *People v Pagan,* 45 NY2d 725), and that the imposition of consecutive sentences was lawful and did not amount to an abuse of discretion. Defendant's remaining claims are not preserved for our review (CPL 470.05 [2]), and review in the interest of justice is not warranted. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—unlawful imprisonment, first degree.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PARHAM, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same memorandum as in *People v Parham* ([appeal No. 1] 156 AD2d 946 [decided herewith]). (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—robbery, second degree.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.