# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**223**
**KA 13-00554**
PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DERRICK MILLER, ALSO KNOWN AS DERERICK MILLER,
DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL),
FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County
(John J. Brunetti, A.J.), rendered February 8, 2013. The judgment
convicted defendant, upon a jury verdict, of criminal possession of a
weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of criminal possession of a weapon in the third
degree (Penal Law § 265.02 [1]). We reject defendant's contention
that the conviction is not supported by legally sufficient evidence.
Viewing the evidence in the light most favorable to the People (*see
People v Contes*, 60 NY2d 620, 621), we conclude that there is a "valid
line of reasoning and permissible inferences [that] could lead a
rational person to the conclusion reached by the [factfinder] on the
basis of the evidence at trial" (*People v Williams*, 84 NY2d 925, 926;
*see People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678).
Contrary to defendant's contention, there was legally sufficient
evidence establishing possession of the shotgun at issue inasmuch as
an eyewitness testified that he observed defendant wrap the shotgun in
a towel or T-shirt and place it behind the witness's place of
employment. Furthermore, "in view of the uncontradicted evidence
that[,] when subsequently test-fired, the gun . . . [was] found to be
operable" (*People v Cavines*, 70 NY2d 882, 883; *see People v Hailey*,
128 AD3d 1415, 1416, *lv denied* 26 NY3d 929), defendant's contention
that the People failed to establish the operability of the shotgun
with legally sufficient evidence is without merit.

Viewing the evidence in light of the elements of the crime as
charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we

further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  "Great deference is accorded to the [jury]'s opportunity to view the witnesses, hear the testimony and observe demeanor" (*id.; see People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831; *People v Sorrentino*, 12 AD3d 1197, 1197-1198, *lv denied* 4 NY3d 748), and, here, we perceive no reason to disturb the jury's credibility determinations.

"Defendant failed to preserve for our review his challenge to the jury charge on identification inasmuch as he failed to object to that charge" (*People v Sweney*, 55 AD3d 1350, 1352, *lv denied* 11 NY3d 901; *see generally People v Robinson*, 88 NY2d 1001, 1001-1002).  We decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, the showup identification procedure was not unduly suggestive, and thus the court properly denied his motion to suppress the in-court identification by the witness.  Although showup procedures are generally disfavored (*see People v Ortiz*, 90 NY2d 533, 537), they are permitted where, as here, they are reasonable under the circumstances, " 'that is, when conducted in close geographic and temporal proximity to the crime[,] and the procedure used was not unduly suggestive' " (*People v Woodard*, 83 AD3d 1440, 1441, *lv denied* 17 NY3d 803, quoting *People v Brisco*, 99 NY2d 596, 597).

The sentence is not unduly harsh or severe.  We have considered defendant's remaining contention, and we conclude that it is without merit.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court