# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**518**

**KA 13-00166**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                MEMORANDUM AND ORDER

DONALD C. FEDRICK, JR., DEFENDANT-APPELLANT.

---

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Thomas E. Moran, J.), rendered January 14, 2013. The judgment
convicted defendant, upon a jury verdict, of attempted robbery in the
first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him,
upon a jury verdict, of attempted robbery in the first degree (Penal
Law §§ 110.00, 160.15 [3]) and assault in the second degree (§ 120.05
[2]). Viewing the evidence in the light most favorable to the People
(*see People v Contes*, 60 NY2d 620, 621), we conclude that there is
legally sufficient evidence to establish defendant's intent to commit
a robbery. Defendant asked the victim about the amount of drugs that
he was seeking to purchase, and the victim replied that he wanted $100
worth. Minutes later, defendant jabbed the victim in the back with a
sharp instrument, told the victim to "give it up," and stabbed the
victim when he tried to flee. The evidence of defendant's conduct,
along with the surrounding circumstances, is legally sufficient to
establish that he intended to rob the victim (*see People v Martinez*,
22 NY3d 551, 556-557, 568; *People v Barbuto*, 126 AD3d 1501, 1503, *lv
denied* 25 NY3d 1159).

The remainder of defendant's challenges to the sufficiency of the
evidence are not preserved for our review inasmuch as defendant's
motion for a trial order of dismissal was not " 'specifically
directed' " at the grounds now raised on appeal (*People v Gray*, 86
NY2d 10, 19). Viewing the evidence in light of the elements of the
crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342,
349), we further conclude that the verdict is not against the weight
of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that Supreme Court failed to provide defense counsel with meaningful notice of a jury note, in violation of the procedure set forth in *People v O'Rama* (78 NY2d 270). The jury note was "ministerial in nature and therefore require[d] only a ministerial response" (*People v Nealon*, 26 NY3d 152, 161), and thus the *O'Rama* procedure was not implicated (*see People v Williams*, 142 AD3d 1360, 1362, *lv denied* 28 NY3d 1128).

Defendant failed to preserve for our review his contention that the court erred in failing to instruct the jury to consider the counts against defendant separately from the counts against his codefendant at this joint trial, inasmuch as defendant failed to request a specific charge or object to the charge as given (*see* CPL 470.05 [2]; *People v Miller*, 137 AD3d 1712, 1713, *lv denied* 27 NY3d 1153; *People v Gega*, 74 AD3d 1229, 1231, *lv denied* 15 NY3d 851, *reconsideration denied* 15 NY3d 920). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defense counsel's failure to request a missing witness charge did not render his assistance ineffective (*see People v Myers*, 87 AD3d 826, 828, *lv denied* 17 NY3d 954).

We have considered defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.

Entered: May 5, 2017                           Frances E. Cafarell
                                               Clerk of the Court