People v Heffernan (2026 NY Slip Op 01904)

People v Heffernan

2026 NY Slip Op 01904

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, NOWAK, DELCONTE, AND
HANNAH, JJ.

957 KA 23-00046

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vWILLIAM HEFFERNAN, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP
ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH
DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.),
rendered August 17, 2020. The judgment convicted defendant upon a nonjury verdict of
assault in the second degree, criminal possession of a weapon in the third degree (two
counts), unlawful imprisonment in the first degree, criminal obstruction of breathing or
blood circulation and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously
affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a
nonjury trial of two counts of criminal possession of a weapon in the third degree (Penal
Law § 265.02 [1]), and one count each of assault in the second degree (§
120.05 [12]), unlawful imprisonment in the first degree (§ 135.10), criminal
obstruction of breathing or blood circulation (§ 121.11) and resisting arrest (§ 205.30). The conviction arises out of an incident in which defendant
allegedly, inter alia, pushed and kicked the victim down a staircase in her home, dragged
her to defendant's basement apartment, threatened her with a knife, choked her, tied her
up, and beat her with a chair.
We reject defendant's contention that County Court erred when it denied his motion
pursuant to CPL 245.30 (2) seeking access to the premises to inspect and photograph the
stairs. Upon a motion pursuant to CPL 245.30 (2), the "court may deny access to the
premises when the probative value of access to such location has been or will be
preserved by specified alternative means." Here, we conclude that the condition of the
stairs was sufficiently preserved by alternative means, including crime scene photographs
and body camera footage recorded by officers when they arrived at the crime scene.
Defendant contends that his conviction is not supported by legally sufficient
evidence. Defendant failed to preserve that contention for our review with respect to the
crime of resisting arrest (see People v Gray, 86 NY2d 10, 19 [1995]), and we
reject defendant's contention with respect to the remaining crimes (see generally
People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to the crime of assault in
the second degree under Penal Law § 120.05 (12), a person is guilty of that offense
when, "with intent to cause physical injury to a person who is [65] years of age or older,
[they] cause[ ] such injury, and [are] more than [10] years younger than such person."
Here, the People presented evidence that the 66-year-old defendant struck the 82-year-old
victim, bound her wrists and ankles with wires, and pressed very hard between her
jawbone and her neck and throat, which caused the victim to suffer physical injuries
including bruising, a subdural hematoma, and a small nose fracture.
With respect to the two counts of criminal possession of a weapon in the third degree,
a person is guilty of that offense when, as relevant here, they "possess[ ] any dagger,
dangerous knife . . . or any other dangerous or deadly instrument or weapon with intent to
use the same [*2]unlawfully against another" (Penal Law
§ 265.01 [2]) and that person has been previously convicted of any crime (§
265.02 [1]). The element of possession may be satisfied by eyewitness testimony that
defendant possessed the weapon (see People v Miller, 137 AD3d 1712, 1712-1713 [4th Dept
2016], lv denied 27 NY3d 1153 [2016]), and intent can "be established by
defendant's conduct and the circumstances" (People v Gordon, 23 NY3d 643, 650 [2014]). Here, the
People presented testimony and photographs demonstrating that defendant used a knife to
threaten the victim.
With respect to unlawful imprisonment in the first degree, a person is guilty of that
offense when they restrain another person under circumstances which expose the latter to
a risk of serious physical injury (see Penal Law § 135.10). Here, the People
presented evidence that defendant bound and restrained the victim with wires, which
prevented her from leaving the basement and, given the 82-year-old victim's physical
condition, exposed her to a risk of serious physical injury (see People v Parham,
156 AD2d 946, 946 [4th Dept 1989]). With respect to criminal obstruction of breathing or
blood circulation, a person is guilty of that offense when, with intent to impede the
normal breathing or blood circulation of another person, they: (a) apply pressure on the
throat or neck of such person; or (b) block the nose or mouth of such person (see
§ 121.11). The People presented evidence establishing that defendant used his hand
to cover the victim's face and pressed very hard against the victim's throat, which caused
the victim to choke.
Thus, to the extent that defendant preserved his challenge to the sufficiency of the
evidence, viewing the evidence in the light most favorable to the People (see People v
Contes, 60 NY2d 620, 621 [1983]), we conclude that "there is a valid line of
reasoning and permissible inferences from which a rational [factfinder] could have found
the elements of [those] crime[s] proved beyond a reasonable doubt" (People v Danielson, 9 NY3d
342, 349 [2007] [internal quotation marks omitted]). Moreover, viewing the evidence
in light of the elements of the crimes in this nonjury trial (see id.), we conclude
that the verdict is not against the weight of the evidence with respect to all of the crimes
of which defendant was convicted (see generally Bleakley, 69 NY2d at 495). "In
a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact
and its determination of the weight to be accorded the evidence presented are entitled to
great deference" (People v O'Neill, 169 AD3d 1515, 1515 [4th Dept
2019] [internal quotation marks omitted]). While the police body camera footage showing
many items present on the staircase contradicts the victim's account of the events on the
staircase, the victim's testimony with respect to the assault in defendant's apartment was
not "so inconsistent or unbelievable as to render it incredible as a matter of law" (People v Black, 38 AD3d
1283, 1285 [4th Dept 2007], lv denied 8 NY3d 982 [2007]), and we see no
basis for disturbing the court's credibility determinations regarding that testimony.
Finally, the sentence is not unduly harsh or severe.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court